In the Matter of JOHNNY L. PINKARD, a Person Alleged to be a Juvenile Delinquent.

Fourth Department, June 29, 1967.

*Onondaga Neighborhood Legal Services, Inc. (Adrian R. McDonald* of counsel), for appellant.

*Eli Gingold, Onondaga County Attorney (Leonard C. Koldin* of counsel), for respondent.

*Per Curiam.* The question is whether the court was correct in appointing a Law Guardian for the juvenile respondent.

At the hearings the respondent and his mother appeared with representatives of Onondaga Neighborhood Legal Services, Inc. (hereinafter referred to as Neighborhood), who sought to represent both the mother and the respondent in the proceeding. The County Attorney challenged the right of Neighborhood to represent the respondent on the ground that, although the

Family Court is denominated a civil court, in this proceeding its functions were quasi-criminal. We agree that this is so in relation to the protection of the rights of infants. (*Matter of Gregory W.*, 19 N Y 2d 55.) Indeed, the representatives of Neighborhood admitted this and even urged it upon the court. The court determined that Neighborhood could represent the mother but not the infant and appointed a Law Guardian because of '' possible conflicts of interest '' between the mother and the infant respondent.

It is conceded that Neighborhood was incorporated under the authority of section 280 of the Penal Law, which provides in substance that the prohibition against the practice of law by one not an attorney licensed to practice in this State should not apply to corporations organized for the purpose of assisting persons without means '' in the pursuit of *any civil remedy,* whose existence, organization or incorporation may be approved by the appellate division '' (emphasis supplied). The certificate of incorporation of Neighborhood was approved by this court: The certificate states that one of its purposes is '' to provide legal services for all indigent persons in Onondaga County, where such services are not otherwise available ''. Regardless of the language of the certificate, its purposes must be lawful. The simple construction of the above-quoted provision is that the corporation could provide legal services where they were permitted by law. The permissive portion of section 280 of the Penal Law does not allow such a corporation to practice law in criminal matters. Neighborhood contends that, in its by-laws, there is a provision to permit legal representation in the criminal field. There was never an approval of these by-laws by this court, nor could there be an approval that would permit the corporation to operate in violation of the Penal Law. Powers of a corporation are derived from its charter, not from its by-laws, which cannot enhance or increase its powers but are only internally regulatory. Therefore, nothing indicates to us that Neighborhood had any right to represent defendants in criminal matters and, because of the nature of the present complaint, to represent a respondent charged with juvenile delinquency. Corporations such as this are subject to the control of the courts. (*Matter of Community Action for Legal Servs.*, 26 A D 2d 354.)

We are reversing the order, not because the court had no authority to appoint a Law Guardian for the respondent but because there was no basis before the court for such an appointment and because the legal rights of the respondent in relation to assigned counsel and his rights and privileges in general were

never explained to him, as required by law, before a determination was made as to the necessity or desirability of an appointment of a Law Guardian rather than counsel of his own choice other than Neighborhood.

There is another matter that should be explored by the court. The County Attorney indicated that he had stated to Neighborhood that he thought the facts were sufficient to sustain an adjudication but, because of the boy's age and the fact that he had never been in any type of trouble, he would be willing, after conferring with the court, to recommend that the present petition be dismissed with a stern warning from the court, if the family would execute releases to all parties involved. Apparently, Neighborhood told him this would not be acceptable because its organization wanted disciplinary action brought against the police officer who made the arrest and it would have nothing to do with any type of release and there were certain legal procedures in which it was interested. It expressed problems about arrests and means of detention of juveniles and recommendations to the Police Department. None of these latter observations had anything to do with the question of whether the complaint against the respondent was well founded and whether or not it should be sustained.

The court should make a sound determination as to whether the appointment of a Law Guardian would be proper. Perhaps, in view of all that has gone before, one should be appointed; but whether or not one is appointed should be determined by the court and not by Neighborhood or by anyone else except the court.

Furthermore, it is the duty of the court to determine whether the above-mentioned recommendation of the County Attorney should be followed. This determination should not be based on any theories of Neighborhood as to criticisms of the Police Department, possibly to the disadvantage of the respondent.

Neighborhood should be permitted to represent the mother if she so desires.

WILLIAMS, P. J., BASTOW, DEL VECCHIO and MARSH, JJ., concur.

Order unanimously reversed, without costs, and matter remitted to the Onondaga County Family Court for proceedings in accordance with the *Per Curiam* opinion.